**NOT FOR PUBLICATION**



**UNITED STATES COURT OF APPEALS**

**FOR THE NINTH CIRCUIT**

| | |
|---|---|
| **ROBERT M. SWEENEY,** | No. 12-55220 |
| Plaintiff - Appellant, | D.C. No. 2:11-cv-05098-GW-JEM |
| v. | **MEMORANDUM**[*] |
| **AMERICAN HOME MORTGAGE SERVICING, INC.; POWER DEFAULT SERVICES, INC., a Delaware corporation; US BANK NATIONAL ASSOCIATION, As Trustee for MASTR Adjustable Rate Mortgages Trust 2007-1, Mortgage Pass-Through Certificates, Series 2007-1 (esa US Bank, National Association and MASTR Adjustable Rate Mortgages Trust 2007-1, Mortgage Pass-Through Certificates, Series-1); MORTGAGE ELECTRONICS REGISTRATION SERVICES, INC., a Delaware corporation,** | |
| Defendants - Appellees. | |

Appeal from the United States District Court
for the Central District of California
George H. Wu, District Judge, Presiding

Argued and Submitted January 8, 2014
Pasadena, California

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by 9th Cir. R. 36-3.

Before:    **KOZINSKI,** Chief Judge, **REINHARDT** and **CLIFTON,** Circuit Judges.

Although Plaintiff alleges that the Substitution of Trustee form designating Power Default Services as trustee was a forgery, the Second Amended Complaint (SAC) fails to plead critical elements of such a claim.  "While legal conclusions can provide the framework of a complaint, they must be supported by factual allegations."  Ashcroft v. Iqbal, 556 U.S. 662, 679 (2009).  Without any claim that the signatory lacked authority to sign the Substitution of Trustee form or that Defendants acted with an intent to defraud, the SAC fails to go beyond "labels and conclusions" and provide "[f]actual allegations . . . to raise a right to relief above the speculative level."  Bell Atlantic Corp. v. Twombly, 550 U.S. 544, 555 (2007).

The SAC is Plaintiff's fourth filing to raise claims challenging the validity of the foreclosure.  Because Plaintiff still falls short of stating a valid claim for relief, the district court did not abuse its discretion in concluding that the complaint cannot be saved by amendment and dismissing with prejudice.  See Hearns v. San Bernardino Police Dep't., 530 F.3d 1124, 1129 (9th Cir. 2008).

**AFFIRMED.**